**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

SHAVIS D. WRIGHT,

        Petitioner,

v.                                          No. CV 13-429 JH/CG

ERASMO BRAVO,

        Respondent.

<u>**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**</u>

      **THIS MATTER** comes before the Court on Petitioner's *Application for a Writ of Habeaus [sic] Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody* ("Petition"), filed May 7, 2013, (Doc. 1); *Respondent's Amended Answer to* Pro Se *Petitioner Shavis Wright's Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [Doc. 1]* ("Answer"), filed October 21, 2013, (Doc. 10); and Petitioner's *Motion to Enforce New Mexico Law* ("Reply"), filed November 15, 2013, (Doc. 11). United States District Judge Judith C. Herrera referred the case to this Court to make proposed findings and a recommended disposition. (Doc. 3). After careful review and consideration of the filings, the Court recommends that the Petition be dismissed with prejudice as an unauthorized successive petition.

**I.**      **Procedural History**

      On March 26, 2003, Petitioner pled guilty to four counts of armed robbery, and "no contest" to one count of armed robbery, in the Second Judicial District in Bernalillo County, New Mexico. (Doc. 7, Ex. C). Pursuant to the terms of the *Repeat Offender Plea and Disposition Agreement* ("Plea Agreement"), in exchange for Petitioner's plea,

he would be sentenced to a period of incarceration of between 15 and 42 years, in addition to up to 16 years for being a habitual offender. (Doc. 7, Ex. C). The Honorable Judge Albert "Pat" Murdoch accepted the Plea Agreement, and sentenced Petitioner to 38 years total imprisonment and suspended 16 years.  (Doc. 7, Ex. A). While only 16 out of 38 years were suspended, the sentencing document directed the New Mexico Department of Corrections to take Petitioner into custody for a period of 16 years instead of 22 years. (Doc. 7, Ex. A at 3). Petitioner contends that he signed the Plea Agreement on the belief that he would receive a sentence of "no worse" than 16 years confinement. (Doc. 1 at 3, 9).

Over six years later, Petitioner called the state district court's attention to the mathematical error, and requested that the sentencing document be amended.[1] (Wright I, Doc. 8, Ex. E at 1–2). Judge Murdoch subsequently denied Petitioner's motion, (Wright I, Doc. 8, Ex. F at 1–2), and then entered the *Amended Judgment, Partially Suspended Sentence, and Commitment* ("Amended Sentence"), on February 18, 2010, correcting the mathematical error by adjusting the confinement period to 22 years, and explaining that approval from Petitioner was not sought because the state district court was merely correcting a mathematical error. (Wright I, Doc. 7, Ex. B).

Petitioner filed an application for habeas relief with the state district court on March 9, 2010, challenging the circumstances surrounding the entry of the Plea Agreement and validity of the underlying conviction itself. (Wright I, Doc. 8, Ex. G). Judge Murdoch denied the petition on March 18, 2010, (Wright I, Doc. 8, Ex. H), and

---

[1] Many of the state court documents that this Court ordered be produced were previously filed in an earlier federal habeas proceeding initiated be Petitioner. *See Wright v. Bravo*, No. 10-cv-736 JH/CG (D.N.M.). All of those documents are available via CM/ECF and have been incorporated into the record in this case; they are identified as located in the "Wright I" record. (Doc. 9 at 2).

Petitioner filed for federal habeas relief on August 4, 2010, asserting (i) the Plea Agreement was involuntary and unlawfully induced, (ii) the Plea Agreement was unconstitutional because it was procured through false promises, and (iii) he was denied effective assistance of counsel. (Wright I, Doc. 1). On December 1, 2010, Judge Herrera adopted this Court's Proposed Findings and Recommended Disposition, and summarily dismissed all of Petitioner's claims with prejudice because the claims were time-barred and Petitioner had failed to exhaust all of his available state remedies. (Wright I, Docs. 12, 13).

On January 25, 2012, Petitioner filed a motion to reconsider his sentence with the state district court, (Doc. 10, Ex. A); the motion was denied on February 16, 2012. (Doc. 10, Ex. B). Petitioner then filed a habeas petition in state district court on July 3, 2012, whereby he requested that his incarceration period be changed back to 16 years. (Doc. 10, Ex. D). His habeas petition was denied on October 25, 2012, (Doc. 10, Ex. H), and he filed a habeas petition with the New Mexico Supreme Court on November 19, 2012, alleging that the state district court's amendment of his sentence from 16 years to 22 years amounted to cruel and unusual punishment under the 8th Amendment and violated his Fourteenth Amendment procedural due process rights. (Doc. 10, Ex. I). The New Mexico Supreme Court denied his request on January 22, 2013, (Doc. 10, Ex. J), and Petitioner subsequently filed the subject Petition pursuant to 28 U.S.C. § 2254 on May 7, 2013.

## II.    Grounds for Relief

Petitioner requests § 2254 habeas relief based on the following grounds:

(1)    Conviction is in violation of the 14th Amend[ment of the United States Constitution] procedure due process. Court lacked

jurisdiction to add on years to sentence (30) day period had passed.

(2)     Conviction is a result of ineffective assistance of counsel U.S. Const[itution] 6th Amend[ment]. Counsel failed to demand Court, [District Attorney] stick to abide follow plea agreement.

(3)     (Newly discovered evidence) The [state district court's] impartiality can be questioned, [Judge Murdoch] was indicted of numerous felony crimes.

(4)     Conviction obtained in violation of NMSA 30-28-2 and U.S.C. 371 conspiracy. The [state district court] and defense counsel acted in concert conspired to deprive [Petitioner] of his [New Mexico and United States constitutional rights]. Deny liberty.

(Doc. 1 at 2–3). He repeatedly requests an evidentiary hearing be held in this matter and seeks the amendment of his prison term to 16 years. (Doc. 1).

Petitioner is a *pro se* litigant. His pleadings must be construed liberally and held to a less stringent standard than is required of a party represented by counsel. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Liberal construction requires courts to make some allowance for a *pro se* litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements[.]" *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall*, 935 F.2d at 1110) (alterations omitted). However, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840.

The Court construes the Petition as alleging the following grounds for federal habeas relief: (i) that Petitioner's Fourteenth Amendment due process rights were violated when the state district court changed his sentence; (ii) he did not receive effective counsel because the state district court failed to follow the terms of the Plea Agreement; and (iii) Judge Murdoch should have been disqualified from Petitioner's

case because Judge Murdoch was subsequently indicted for allegedly committing unrelated criminal charges.

Respondent contends that Petitioner's lawsuit should be dismissed with prejudice because Petitioner has presented the Court with an unauthorized second or successive habeas corpus petition, and that all of his grounds for relief are either unexhausted or untimely or both. (Doc. 10).

**III.    Analysis**

      A.    _Standard of Review_

This Court's ability to consider collateral attacks of state criminal proceedings is circumscribed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). "The conventional understanding of 'collateral attack' comprises challenges brought under . . . 28 U.S.C. § 2241, 28 U.S.C. § 2254, 28 U.S.C. § 2255, as well as writs of coram nobis." _United States v. Chavez-Salais_, 337 F.3d 1170, 1172 (10th Cir. 2003). Under the highly deferential standard set forth in the AEDPA, if Petitioner's claims have been decided on the merits in state court proceedings, then the federal habeas court may only grant relief under two circumstances: (i) if the State court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (ii) if the State court decision "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)–(2).

A state court decision is "contrary to" clearly established precedent when: (i) "the state court applies a rule that contradicts the governing law set forth in our cases," or (ii)

"the state court confronts a set of facts that are materially indistinguishable from a decision of the [U.S. Supreme Court] and nevertheless arrives" at a different result. *See Williams v. Taylor*, 529 U.S. 362, 406 (2000). "[A] federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. *Id.* at 411; *see also Thomas v. Gibson*, 218 F.3d 1213, 1220 (10th Cir. 2000) (discussing *Williams*). A state court's factual determination shall be presumed to be correct, unless the § 2254 petitioner can rebut that presumption by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Smith v. Mullin*, 379 F.3d 919, 924–25 (10th Cir. 2004).

   B.   *Petition is Prohibited as a Second or Successive Petition*

   Respondent contends that the Petition is barred as a second or successive application for federal habeas relief. "The filing of a second or successive § 2254 application is tightly constrained by the provisions of AEDPA." *Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013). Section 2244 of the AEDPA, also known as the gatekeeper provision, procedurally bars § 2254 petitions if the legality of the petitioner's detention has previously been determined by a United States court on a prior application for a writ of habeas corpus. 28 U.S.C. § 2244(a). Any claim that is presented in a second or successive habeas corpus application that was asserted in a prior application and disposed of on the merits must be dismissed. 28 U.S.C. § 2244(b)(1). Any new claim that was not alleged in the previous habeas application shall also be dismissed, unless:

6

(a)  the applicant shows that the claim relies on a new rule of constitutional
     law, made retroactive to cases on collateral review by the Supreme Court,
     that was previously unavailable; or

(b)  (1)    the factual predicate for the claim could not have been discovered
            previously through the exercise of due diligence; and

     (2)    the facts underlying the claim, if proven and viewed in light of the
            evidence as a whole, would be sufficient to establish by clear and
            convincing evidence that, but for constitutional error, no reasonable
            factfinder would have found the applicant guilty of the underlying
            offense.

28 U.S.C. § 2244(b)(2).

Respondent contends that, pursuant to the Tenth Circuit's decision from *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam), the Petition is a second or successive petition because Petitioner's first § 2254 petition was dismissed as time-barred, and therefore disposed of on the merits. (Doc. 10 at 10). Indeed, in *Rains*, the Tenth Circuit held that when a first federal habeas petition is dismissed as time-barred, "any later habeas petition challenging the same conviction is second or successive and subject to the AEDPA requirements." *Rains*, 659 F.3d at 1275. Therefore, Respondent reasons, the Petition should be dismissed by the Court as a second or successive petition.

While second or successive habeas applications are restricted, they are not entirely prohibited. A § 2254 habeas petitioner may proceed before a district court on a second or successive § 2254 application if he is authorized to do so by a court of appeals under limited circumstances. *See* 28 U.S.C. § 2244(b)(2)–(3). If the petitioner does not heed this statutory directive, the district court has no jurisdiction to consider his second or successive filing. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).  In this case, the Tenth Circuit has not given the Court authorization to address the merits of the Petition, nor has Petitioner even sought

authorization. *Id.* Therefore, the Court is faced with two choices: dismiss the Petition for lack of jurisdiction, or transfer it to the Tenth Circuit for authorization pursuant to 28 U.S.C. § 1631. *See id.* at 1251–52.

Section 1631 of the AEDPA permits the district court to transfer an unauthorized second or successive habeas petitions to the court of appeals if it is in the interests of justice to do so. *Schell v. Vaughn*, No. 12-6271, 2013 U.S. App. LEXIS 24679, *6–7 (10th Cir. Dec. 10, 2013) (citing *Rains*, 659 F.3d at 1275; *Cline*, 531 F.3d at 1251–52). The Tenth Circuit has provided the Court with several factors to consider in making the interest-of-justice inquiry:

> [W]hether the claims would be time barred if filed anew . . . , whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Cline*, 531 F.3d at 1251.

### 1.    Claims are Time-Barred

This Court shall apply the *Cline* test to the claims presented in the Petition, and first determine whether the claims were time-barred at the time they were most recently filed. The AEDPA establishes a one-year period within which a prisoner must file his petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The one year limitation period begins to run from the latest of:

> (a) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (b) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to

cases on collateral review; or

(d) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Each claim, and not the petition as a whole, is entitled to its own Section 2244(d)(1) analysis. *See Prendergast v. Clements*, 699 F.3d 1182, 1187 (10th Cir. 2012). In a criminal case the judgment does not become final for § 2244(d)(1)(A) purposes until both the conviction and sentence become final by the conclusion of direct review or the expiration of the time for seeking such review. *Burton v. Stewart*, 549 U.S. 147, 156–157 (2007) (per curiam); *United States. v. Burch*, 202 F.3ed 1274, 1278 (10th Cir. 2011).

Petitioner is currently being held in custody pursuant to the same conviction and sentence as when he brought his first § 2254 petition. Petitioner did not appeal Judge Herrera's order that the first § 2254 petition was time-barred. All of the claims brought in the present Petition, with the exception of the one regarding Judge Murdoch's indictment for unrelated criminal charges, are substantially identical to those brought in the first § 2254 petition. Therefore, the findings made in Judge Herrera's order in the previous habeas proceedings are just as applicable herein, and the claims asserted in the Petition, insofar as they challenge the constitutionality of the underlying conviction, must also be time-barred.

Petitioner's inclusion of a new ground for relief based on the ongoing legal troubles of the sentencing judge in his case will also not prevent dismissal. A claim presented in a second or successive habeas corpus application that was not presented in a prior petition shall be dismissed unless "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and the facts

underlying the new claim would be sufficient to establish by clear and convincing evidence that no reasonable fact finder, but for the constitutional error, would have found the petitioner guilty of the underlying offense. 28 U.S.C. § 2244(b)(2). In response to the show cause Order entered by this Court, Petitioner explained "[d]iscovery of Judge Murdoch's illegal activities was on T.V. News around Sept-Oct 2011 not sure of correct month." (Doc. 11 at 4). Even if the Court were to accept that Plaintiff could not have discovered Judge Murdoch's alleged indiscretions until September or October of 2011, Petitioner waited until May 2013, well outside of the one-year limitations period, before raising this ground for relief for the first time. Thus, the new claim is similarly time-barred. The Court also has serious misgivings that Judge Murdoch's alleged illegal conduct establishes by clear and convincing evidence that no reasonable fact finder would have found Petitioner guilty of the underlying offense, given that Petitioner pled guilty to the underlying crimes. Further, the Court finds that Petitioner has failed to exhaust this claim as required by 28 U.S.C. § 2254(b)(1)(A).

A litigant may seek equitable tolling of the limitations period if he establishes that (i) he has been pursuing his rights diligently, and (ii) some extraordinary circumstances stood in his way to prevent him from filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Several years passed between the entry of the dismissal in the first § 2254 habeas case and Petitioner's pursuit of post-conviction relief in New Mexico state court. The Court provided Petitioner an opportunity to explain why the Petition should not be dismissed as procedurally-barred. Petitioner responded that he did not have access to legal materials in prison, and that the New Mexico Supreme Court did not adequately explain his legal rights and the exhaustion requirements to him. (Doc. 11

at 3–4, 5). It is well-established that a petitioner's claim of insufficient legal access or knowledge will not justify the application of equitable tolling. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). Therefore the Court finds that this case is not one of those "rare and exceptional circumstances" where equitable tolling should be made available. *See id.*

For all of the foregoing, the Court finds that the Court lacks jurisdiction over all of the claims because they were either time-barred, unexhausted, or both, at the time they were filed.

### 2.   *Claims Not Likely Meritorious*

The Court also finds that the claims alleged are not likely to be meritorious. Respondent has presented the Court with a string of United States District Court cases where the correction of a scrivener's error did not amount to a violation of constitutional rights. *See Cusamano v. Donelli*, 2007 U.S. Dist. LEXIS 99534 (S.D.N.Y. 2007); *Womack v. United States*, 2012 U.S. Dist. LEXIS 111326 (S.D. Ala. 2012); *Scott v. Ward*, No. 98-6377, 1999 U.S. App. LEXIS 8714 (10th Cir. May 7, 1999) (unpublished). Petitioner responds that *Burch v. State*, 358 Md. 278 (Md. 2000) supports his argument that a mathematical mistake in a sentence cannot be corrected unless it is made in front of the criminal defendant and on the record. In *Burch*, the Court of Appeals of Maryland held that where a judge imposed a death sentence in accordance with a jury determination, the judge had no authority to modify the sentence when requested to do so by the criminal defendant. The *Burch* case is inapplicable here, because this case does not involve a capital jury trial and Petitioner was not convicted and sentenced

11

under the laws of the State of Maryland. Further, the Court does not find that the analysis in the *Burch* case supports Petitioner's legal arguments as he so claims.

Petitioner also urges the Court to allow the Petition to proceed pursuant to the New Mexico Court of Appeals' holding in *State v. Miller*, 2012-NMCA-051, *9–12 (N.M. Ct. App. 2012). In *Miller*, the New Mexico Court of Appeals held that where a sentencing court deviated from the specific incarceration terms in a plea agreement, the habeas petitioner should be allowed the opportunity to either withdraw his plea or be sentenced pursuant to the terms of the plea agreement by a different judge. Petitioner argues that his case is akin to *Miller*, because the state district court's amendment of his sentence constituted a breach of the Plea Agreement, and the state district court effectively rejected his plea. (Doc. 11 at 1, Ex. 1).

Petitioner's argument fails in the face of the Plea Agreement itself, wherein he acknowledged that as a result of his plea, the potential incarceration period was between 15 and 42 years, plus an additional 16 years in light of his habitual-offender status. (Doc. 7, Ex. C at 4). Petitioner is serving a term of imprisonment of 38 years, 16 years of which are suspended; this is a term that is far less than the maximum number of years he could have received under the Plea Agreement. Therefore, Petitioner's argument that he would not have pled had he known he could be in jail for 22 years holds no weight, and the Court does not find that the state district court "breached" the Plea Agreement. Even if, *arguendo*, the state district court had breached the Plea Agreement, Petitioner's only remedy is to seek enforcement of the terms of the Plea Agreement because the New Mexico Supreme Court partially overturned the New Mexico Court of Appeals, and held that the petitioner in *Miller* only had the benefit of

enforcing the unambiguous terms of his plea agreement, and was not entitled to withdraw his plea altogether. *State v. Miller*, 2013-NMSC-0048 (N.M. 2013).

### 3.   Claims Were Not Brought In Good Faith

Last, Petitioner moves the Court to grant him a stay and abeyance. (Doc. 11 at 2). He contends that the New Mexico Supreme Court failed to give him an instruction that he needed to comply with additional exhaustion procedures, which is why the Petition is untimely. Petitioner requests this Court order the New Mexico Supreme Court to accept his time-barred petition "to correct a substantially prejudiced abuse of the court's discretion by reliance on an invalid plea." (Doc. 11 at 4). Since there is no statutory limitations period for a state habeas petition in New Mexico, such an instruction is unnecessary. *See Adams v. LeMaster*, 223 F.3d 1177, 1183 (10th Cir. 2000) ("New Mexico places no time limits on filing a state habeas petition"). Further, the Court does not find that a stay and abeyance in this case is appropriate because the Petition is second or successive.

Petitioner also asks this Court to advise him of his legal rights and the procedures he should undertake in order to exhaust his claims and succeed on a state habeas petition in front of the New Mexico Supreme Court. (Doc. 11 at 7). Petitioner has explicitly requested legal advice from the Court, and as stated above, "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett*, 425 F.3d at 840. Since Petitioner has re-cast this action as one seeking advice as to how to proceed on a state habeas action, the Court cannot conclude that the Petition was brought in good faith.

**IV.     Conclusion**

The Court finds that the Petition is a second or successive petition, and one which Petitioner failed to seek prior authorization to file. Petitioner's claims arise from a conviction that is over a decade old, and an amendment in his sentence that is at least three years old. Between December 1, 2010, when Judge Herrera denied the first § 2254 petition, and January 25, 2012, Petitioner failed to seek any post-conviction review in either federal or state court. Petitioner has not given the Court any compelling reasons why he is entitled to equitable tolling. All of Petitioner's claims are procedurally barred, and the Court cannot find his claims were filed in good faith. Therefore, the Court concludes that the transfer of this matter to the court of appeals would not further the interests of justice.

Accordingly, the Court **RECOMMENDS** that *Application for a Writ of Habeaus [sic] Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody*, (Doc. 1), be **DISMISSED WITH PREJUDICE** as an unauthorized successive petition that is time-barred.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE