IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHAVIS D. WRIGHT,

        Petitioner,

v.                                            No. CV 13-429 JH/CG

ERASMO BRAVO,

        Respondent.

## ORDER ADOPTING PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Magistrate Judge's *Proposed Findings and Recommended Disposition* ("PFRD"), filed on February 19, 2014. (Doc. 12). In the PFRD, United States Magistrate Judge Carmen E. Garza recommended that Petitioner Shavis D. Wright's *Application for a Writ of Habeaus [sic] Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody*, (Doc. 1), be dismissed with prejudice as an unauthorized successive petition that is time-barred.

Petitioner timely filed *Objection to: Proposed Findings and Recommended Disposition Document 12*, ("Objections"), on March 3, 2014, (Doc. 13); Respondent did not file any objections and the deadline of March 10, 2014, has passed. Respondent did not respond to Petitioner's Objections. After a *de novo* review of the record and the PFRD, this Court adopts Judge Garza's *Proposed Findings and Recommended Disposition* in its entirety.

**I.    Background**

Petitioner entered into a plea agreement, and in exchange received a reduced sentence. Pursuant to the terms of the plea agreement, he would be sentenced to a period of incarceration of between 15 and 42 years, in addition to up to 16 years for

being a habitual offender. (Doc. 7, Ex. C). The Honorable Judge Albert "Pat" Murdoch accepted the plea agreement, and sentenced Petitioner to 38 years total imprisonment and suspended 16 years. (Doc. 7, Ex. A). While only 16 out of 38 years were suspended, the sentencing document directed the New Mexico Department of Corrections to take Petitioner into custody for a period of 16 years instead of 22 years. (Doc. 7, Ex. A at 3). Judge Murdoch subsequently corrected the mathematical error by adjusting the confinement period to 22 years without seeking Petitioner's approval. (Doc. 12 at 2).

Petitioner filed for 28 U.S.C. § 2254 habeas review, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), on August 4, 2010, asserting (i) the Plea Agreement was involuntary and unlawfully induced, (ii) the Plea Agreement was unconstitutional because it was procured through false promises, and (iii) he was denied effective assistance of counsel. (Doc. 12 at 2). This Court summarily dismissed all of Petitioner's claims with prejudice because the claims were time-barred and Petitioner had failed to exhaust all of his available state remedies. (Doc. 12 at 3).

Approximately three years later, Petitioner filed the Petition to request § 2254 habeas relief based on the following grounds: (i) that Petitioner's Fourteenth Amendment due process rights were violated when the state district court changed his sentence; (ii) he did not receive effective counsel because the state district court failed to follow the terms of the Plea Agreement; and (iii) Judge Murdoch should have been disqualified from Petitioner's case because Judge Murdoch was subsequently indicted for allegedly committing unrelated crimes.

2

After identifying the Petition as an unauthorized second or successive habeas petition, Judge Garza correctly concluded that the Court should either dismiss the Petition for lack of jurisdiction, or transfer it to the Tenth Circuit for authorization pursuant to 28 U.S.C. § 1631. *See In re Cline*, 531 F.3d. 1249, 1251–52 (10th Cir. 2008). Transfer of an unauthorized second or successive habeas petition to the court of appeals is only permitted if it is in the "interest of justice" to do so. *Schell v. Vaughn*, No. 12-6271, 2013 U.S. App. LEXIS 24679, *6–7 (10th Cir. Dec. 10, 2013) (unpublished) (citing *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) and *In re Cline*, 531 F.3d. at 1251–52). The Tenth Circuit has provided the Court with several factors to consider in making the "interest-of-justice inquiry":

> [W]hether the claims would be time barred if filed anew . . . , whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

*Cline*, 531 F.3d at 1251. Judge Garza applied the *Cline* test to the claims in the Petition, and found that they were time-barred, not likely to have merit, and not filed in good faith. Therefore, she recommended that this Court dismiss the Petition with prejudice.

## II. Objections

After a magistrate judge files her recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. FED. R. CIV. P. 72(b)(2). An objection must be both timely and "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996). When resolving objections to a magistrate judge's recommendation, the district judge must

make a *de novo* determination regarding any part of the recommendation to which a party has properly objected. 28 U.S.C. § 636(b)(1)(C).

Petitioner contends that the interest of justice requires that he be allowed to pursue review under the AEDPA. (Doc. 13 at 1). Petitioner claims that the state district court found a loophole within the AEDPA, which allowed it to enhance his sentence of confinement outside of the AEDPA limitations period, and be protected from collateral attack review pursuant to the AEDPA because the limitations period had already expired. (Doc. 13 at 4–5). Petitioner seems to argue that he should be exempt from complying with the limitations requirement of the AEDPA because his circumstance is a kind that would preclude AEDPA review otherwise.

First, Petitioner describes a legal fiction, because the one-year limitation period begins to run from the last of several triggering events, including "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(d). Therefore, the Court does not find as a matter of law that AEDPA review is automatically denied in such cases, as alleged by Petitioner.

Second, Petitioner fails to establish his case escaped AEDPA review. Judge Garza applied the *Cline* analysis to determine whether the interest of justice requires this Court to transfer this case to the court of appeals. She found that the claims were time-barred, not meritorious, and not brought in good faith. Judge Garza explained that Petitioner's first § 2254 habeas petition was dismissed with prejudice by this Court for being time-barred and because

Petitioner had failed to exhaust all of his available state remedies. Petitioner did not appeal that decision to the court of appeals. Three years passed before Petitioner sought AEDPA review of the same factual and legal claims again. Petitioner has not shown that he has diligently pursued his claims, or even argued that this Court improperly dismissed his claims with prejudice the first time he filed for federal habeas review. Therefore, he has failed to prove that the interest of justice requires this Court to transfer this case to the Tenth Circuit.

Petitioner reiterates many of the same arguments that he alleged in his Petition. He argues the state district court procedurally erred by changing his sentence without allowing him the right to refute the enhancement through a hearing. (Doc. 13 at 1). He alleges again that his plea agreement was a contract that was breached, and that he should be allowed to withdraw his plea or be sentenced for 16 years confinement. (Doc. 13 at 3). Judge Garza disposed of that argument in her explanation why Plaintiff's claims were not likely to be meritorious. She explained that Petitioner's current term of confinement does not run afoul of the unambiguous terms of the plea agreement, and therefore his breach of contract argument fails. Petitioner does not challenge Judge Garza's legal analysis of that argument in his Objections; therefore, Petitioner's objections are not sufficiently specific as to the factual and legal issues in dispute.

Petitioner also raises several arguments for the first time in his Objections. He maintains that he does not have sufficient access to legal resources to proceed against a state judiciary that has "free reign of judicial violations." (Doc. 13 at 2). Petitioner provided the Court with analysis of several cases, most notably the New Mexico Court Appeals decision in *State v. Miller*, 2012-NMCA-051, *9–12 (N.M. Ct. App. 2012).

Therefore, the Court cannot agree with Petitioner's argument that he has not been provided sufficient access to legal resources. Further, issues "raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996); *see also United States v. Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001). Because Petitioner makes this argument for the first time, the objection is waived.

Petitioner also contends for the first time that this case involves "rare and exceptional circumstances" which allows the state judiciary to violate 28 U.S.C. § 414, a provision that "creates collateral estoppel."[1] (Doc. 13 at 4). Collateral estoppel is applicable in the criminal law context where prosecution of a criminal defendant is precluded by a prior criminal judgment. *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). He also argues that this Court must retain jurisdiction because the state judiciary has abused its discretion and exempted themselves from "judicial standards of integrity." (Doc. 13 at 4–5).

Again, Petitioner raises these arguments for the first time in his Objections, and therefore must be deemed waived. Further, he fails to explain how collateral estoppel is implicated in this case, or how the state district court ran afoul of judicial ethics and federal law in such a way requiring this Court to retain jurisdiction of this case.

Last, Petitioner notes that he was not aware of the right to seek authorization from the court of appeals to proceed on his second or successive petition. (Doc. 13 at 5). First, the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *See Garrett v. Selby, Connor,*

---

[1] 28 U.S.C. § 414.does not create collateral estoppel, but in fact regulates the passage of government publications and law books between judicial officials and their successors in office. *See* 28 U.S.C. § 414.

*Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Further, the Court finds that Petitioner's statement as to his lack of legal knowledge does not direct this Court's attention to a factual or legal issue truly in dispute, and therefore is not a proper objection. *See One Parcel of Real Prop.*, 73 F.3d at 1060.

Petitioner has not pointed out any factual or legal errors in Judge Garza's analysis of the claims asserted in the Petition. He also raises arguments for the first time through his Objections. This Court finds that Judge Garza conducted the proper analysis under *Cline*, and correctly concluded that all of Petitioner's claims should be dismissed with prejudice. All of Petitioner's objections are therefore overruled.

### III.   Conclusion

**IT IS HEREBY ORDERED** that, for all of the foregoing, Judge Garza's *Proposed Findings and Recommended Disposition* be **ADOPTED**.

**IT IS FURTHER ORDERED** that the *Application for a Writ of Habeaus [sic] Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody*, (Doc. 1), be **DISMISSED WITH PREJUDICE** as an unauthorized successive petition.

**IT IS ALSO ORDERED** that a certificate of appealability be **DENIED**.

**IT IS SO ORDERED**.

_____
JUDITH C. HERRERA
United States District Judge